# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| TORRIEO M. JOHNSON, | : | |
| Petitioner | : | |
| VS. | : | |
| STATE OF GEORGIA, | : | NO. 7:07-cv-180 (HL) |
| Respondent | : | **O R D E R** |

Petitioner **TORRIEO M. JOHNSON**, a prisoner at the Thomas County Jail in Thomasville, Georgia, has filed a writ of habeas corpus petition on 28 U.S.C. § 2254 forms.

Petitioner attacks his October 19, 2006, Thomas County conviction for arson in the first degree, for which he received a sentence of ten years probation. According to petitioner's submissions, he filed a state habeas corpus petition in the Superior Court of Thomas County the "fourth week" of November 2007, which has not been heard or adjudicated. Petitioner filed the instant federal habeas application in this Court on October 25, 2007.

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under section 2241 as well as section 2254). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254c). Moreover, exhaustion requires that the petitioner "invok[e]

one complete round of the State's established appellate review process." ***O'Sullivan v. Boerckel***, 526 U.S. 838, 845 (1999).

It clearly appears from the face of the petition that the petitioner has <u>not</u> exhausted state remedies available to him. Under the above circumstances, the petitioner cannot proceed in federal court with a habeas corpus petition at this time. He must first exhaust his remedies in the state courts. Once petitioner has completed all avenues available to him in the state courts, he will then be permitted to return to federal court. Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the petitioner to refile once he has afforded the state courts an opportunity to review his grounds for relief.

**SO ORDERED**, this 28th day of January, 2008.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr